UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

FERNANDO JOSE VARGAS and all others similarly situated under 29 U.S.C 216(b),

    Plaintiff,

vs.

ALPINE TOWING, INC., a Florida Corporation, and LARRY SARAVIA, individually,

    Defendants.

_____/

# **COMPLAINT**

COMES NOW Plaintiff, FERNANDO JOSE VARGAS, by and through his undersigned attorneys, and hereby sues Defendants, ALPINE TOWING, INC., a Florida Corporation, and LARRY SARAVIA, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages and retaliation under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant ALPINE TOWING, INC. is a Florida Corporation which regularly conducted business within the Southern District of Florida.

6. ALPINE TOWING, INC. is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of ALPINE TOWING, INC. would routinely handle equipment, tools, vehicles, and materials on a regular and consistent basis. These equipment, tools, vehicles, and materials handled or used by Plaintiff, as well as other employees of ALPINE TOWING, INC. had travelled in interstate commerce. Furthermore, ALPINE TOWING, INC., by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of ALPINE TOWING, INC. was at all times material hereto in excess of $500,000.00 per annum gross for the years 2018, 2019, 2020 and is expected to exceed $500,000 for the year 2021.

8. By reason of the foregoing, ALPINE TOWING, INC. is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, LARRY SARAVIA, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiff.  Defendant LARRY SARAVIA controlled the purse strings for the corporate Defendant.

Defendant LARRY SARAVIA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## COUNT I: OVERTIME WAGES

10. Plaintiff re-alleges and re-avers paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a non-exempt tow truck driver.

12. Plaintiff was employed by Defendants from on or about August 16, 2016 through on or about November 28, 2018 and again from on or about January 5, 2020 through February 16, 2021.

13. Plaintiff worked an average approximation of 50 hours per week.

14. The agreement was for Plaintiff to be paid 30% of the service fees charged. However, for a period of time Defendants would manipulate the time and pay records to make it appear as though Plaintiff was paid at the Florida Minimum Wage rate and the corresponding overtime rate. However, in reality the hourly rates and hours worked displayed on the paystubs were inaccurate and were ultimately meant to reflect a percentage of the service fees charged. Therefore, Defendants failed to properly calculate Plaintiff's hourly wage and corresponding overtime rate, and therefore failed to properly pay him his overtime wages.

15. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that he was being paid for his hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due and owing. Further, for a period of Plaintiff's employment, Defendants would manipulate the time and pay records to make it appear that Plaintiff was working at the Florida Minimum Wage Rate and corresponding overtime rate. Further, Defendants have previously been sued under the FLSA and Defendants cannot deny they were aware of their obligations to pay overtime wages and maintain accurate time records. Thus, Defendants continue to willfully violate the FLSA.

17. The similarly-situated individuals are other individuals whom worked two truck drivers like the Plaintiff, and whom were also not paid overtime wages.

18. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues triable as of right by jury.

      Dated: February 24, 2021

      Law Office of Daniel T. Feld, P.A.
      *Co-Counsel for Plaintiff*
      2847 Hollywood Blvd.
      Hollywood, Florida 33020
      Tel: (954) 361-8383
      Email: DanielFeld.Esq@gmail.com

      */s Daniel T. Feld*
      Daniel T. Feld, Esq.
      Florida Bar No. 37013

      Mamane Law LLC
      *Co-counsel for Plaintiff*
      10800 Biscayne Blvd., Suite 650
      Miami, Florida 33161
      Telephone (305) 773 - 6661
      E-mail: mamane@gmail.com

      *s/ Isaac Mamane*
      Isaac Mamane, Esq.
      Florida Bar No. 44561